

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NEW YORK  10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 5543
MCOLON-BOSOLET@SIDLEY.COM

June 26, 2025

Tammi M. Hellwig, Clerk of Court
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007
Phone: (212) 805-0136

     Re:    Legacy Restoration, LLC v. Oswaldo "Junior" Barajas et al., Case No. 1:25-cv-05319

Dear Ms. Hellwig:

     I write on behalf of Legacy Restoration, LLC ("Legacy"), Plaintiff in the above-referenced cause, as Legacy's counsel. Earlier today, counsel for Defendants in this action filed a Notice of Removal commencing this action in this Court and removing the case from the Supreme Court of New York, New York County, Commercial Division. Defendants' counsel neglected to attach the papers filed by Legacy in the Supreme Court of New York, as he is required to do under the Federal Rules of Civil Procedure, however.

     Because those papers seek emergency relief, we are respectfully attaching the original, file-stamped versions of the papers hereto. We request that our request for emergency relief be transferred to Judge Failla as the currently president Part 1 judge as soon as practicable.

     Thank you for your attention to this matter.

               Respectfully submitted,

               */s/ Melissa Colón-Bosolet*
               Melissa Colón-Bosolet
               *Attorney for Plaintiff Legacy Restoration, LLC*

# SIDLEY

June 26, 2025
Page 2


Enclosures

Copy:  Eduard Kushmakov (w/ enclosures)
       Email: eduard@kushmakovlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEGACY RESTORATION, LLC,

               Plaintiff,

       - against -

OSWALDO "JUNIOR" BARAJAS, JOHN
DOE ENTITY 1, LEAH RAFFLES, and
BRIAN WOLFF.

            Defendants.

**COMMERCIAL DIVISION**
Index No. _____

**[PROPOSED] ORDER TO SHOW CAUSE
FOR INJUNCTIVE RELIEF WITH
<u>TEMPORARY RESTRAINING ORDER</u>**

UPON reading and filing (1) the Complaint in this action; (2) Legacy Restoration, LLC's ("Legacy's") Memorandum of Law in Support of Its Order to Show Cause for Injunctive Relief and Temporary Restraining Order; (4) the Affirmation of Brad Hadamik in support of such Order to Show Cause, sworn to on June 24, 2025; (5) the Affirmation of Mike McComas in support of such Order to Show Cause, sworn to on June 24, 2025; and (6) the Affirmation of Melissa Colón-Bosolet, Esq., in support of such Order to Show Cause, and upon all the pleadings and proceedings had herein,

      **IT IS THEREFORE ORDERED** that:

      Defendants Oswaldo "Junior" Barajas and John Doe Entity 1, or their attorneys, be present and show cause before this Court, at the Courtroom of the Honorable _____, located at Part ____, 60 Centre Street, Courtroom _____, New York, on _____, 2025 at 9:30 a.m., or as soon thereafter as counsel can be heard, why this Court should not issue an Order, pursuant to Sections 6301 and 6313 of the New York Civil Practice Law and Rules, preliminarily enjoining Defendants, their agents, employees, and

representatives, and all persons in active concert or participation with one or both of them who receive actual notice of this Order, from:

a. Directly or indirectly inducing or attempting to induce any employee, officer, director, or manager of Legacy or Southern Roofing and Renovations LLC and its affiliates ("Southern" and, collectively with Legacy, "the Company") to leave the employ of the Company, or in any way interfering with the relationship between the Company, on the one hand, and any employee, officer, manager or director of the Company, on the other hand;

b. Directly or indirectly soliciting to hire or hiring any person who was an employee, officer, manager or director of the Company within the last twelve months;

c. Directly or indirectly inducing any customer, supplier, or licensee of the Company to cease doing business with the Company, or in any way interfering with the relationship between the Company, on the one hand, and any such customer, supplier, or licensee, on the other hand;

d. Diverting or attempting to divert from the Company any business with any customer, client, member, business partner or supplier;

e. Using, disclosing, transferring, profiting from, communicating, copying, publishing, destroying, altering, deleting, or disposing in any manner any Company property or equipment or Company confidential, proprietary, or trade secret information;

f. Acquiring or obtaining Company confidential information and/or Company property from improper or illegal sources, including, but not limited to, acquiring or obtaining, or

attempting to acquire or obtain, such information or property by contacting current or former employees, contractors, vendors, or customers of the Company;

g.   Using the Company's confidential information received from any improper or illegal source to contact or solicit customers, clients, and/or to interfere with the Company's business relationships;

h.   Using any documents, data, or information based upon, created using, or otherwise derived from the Company's property and/or confidential information;

i.   Sharing any of the Company's confidential information with any of the Company's competitors or the public; and

j.   Participating or engaging in, managing, operating, consulting with, rendering services for or representing or owning, directly or indirectly, alone or as a partner, joint venturer, member, equityholder, employee or otherwise, any entity that is engaged in the business of exterior residential and multi-family restoration (including but not limited to the repair or replacement of roofing, siding, gutters and windows), residential and multi-family renovations, interior and exterior residential and multi-family maintenance and related services, sales and lead generation activities in the United States.

Sufficient cause being alleged therefor, it is hereby

**ORDERED**, that pending the hearing and determination of this motion, Defendants, their agents, employees, and representatives, and all persons in active concert or participation with one or both of them who receives actual notice of this Order are enjoined from:

a.  Directly or indirectly inducing or attempting to induce any employee, officer, director, or manager of Legacy or Southern to leave the employ of Legacy or Southern, or in any way interfering with the relationship between Legacy or Southern, on the one hand, and any employee, officer, manager or director of Legacy or Southern, on the other hand;

b.  Directly or indirectly soliciting to hire or hiring any person who was an employee, officer, manager or director of Legacy or Southern within the last twelve months;

c.  Directly or indirectly inducing any customer, supplier, or licensee of Legacy or Southern to cease doing business with Legacy or Southern, or in any way interfering with the relationship between Legacy or Southern, on the one hand, and any such customer, supplier, or licensee, on the other hand;

d.  Diverting or attempting to divert from Legacy or Southern any business with any customer, client, member, business partner or supplier;

e.  Using, disclosing, transferring, profiting from, communicating, copying, publishing, destroying, altering, deleting, or disposing in any manner any Legacy or Southern confidential, proprietary, or trade secret information;

f.  Acquiring or obtaining Legacy or Southern confidential information and/or Legacy or Southern property from improper or illegal sources, including, but not limited to, acquiring or obtaining, or attempting to acquire or obtain, such information or property by contacting current or former employees, contractors, vendors, or customers of Legacy or Southern;

g.  Using Legacy's or Southern's confidential information received from any improper or illegal source to contact or solicit customers, clients, and/or to interfere with Legacy's or Southern's business relationships;

h.  Using any documents, data, or information based upon, created using, or otherwise derived from Legacy's or Southern's property and/or confidential information;

i.  Sharing any of Legacy's or Southern's confidential information with any of Legacy's or Southern's competitors or the public; and

j.  Participating or engaging in, managing, operating, consulting with, rendering services for or representing or owning, directly or indirectly, alone or as a partner, joint venturer, member, equityholder, employee or otherwise, any entity that is engaged in the business of exterior residential and multi-family restoration (including but not limited to the repair or replacement of roofing, siding, gutters and windows), residential and multi-family renovations, interior and exterior residential and multi-family maintenance and related services, sales and lead generation activities in the United States.

**IT IS FURTHER ORDERED**, that Defendants must:

a.  Preserve and not destroy, alter, delete, or otherwise dispose of any documents or information that may be relevant to the claims and allegations in this matter, including but not limited to internet posts, texts, emails, and files on shared drives or cloud accounts;

**IT IS FURTHER ORDERED**, that service of this order and the papers upon which it is based shall be made upon Defendants Barajas and John Doe Entity 1 by overnight mail to Defendant Barajas' last known addresses at 1167 Ewing Way, Clarksville, TN 37043, and 1229

Morstead Drive, Clarksville, TN 37042 and by email, sent no later than _____, 2025, and such service shall be deemed good and sufficient;

     **IT IS FURTHER ORDERED**, that Defendants shall serve opposing papers, if any, by overnight mail upon Legacy's counsel, Melissa Colón-Bosolet, Sidley Austin LLP, 787 Seventh Avenue, New York, NY 10019, and by email to mcolon-bosolet@sidley.com, no later than _____, 2025; and

     **IT IS FURTHER ORDERED**, that Legacy shall serve reply papers, if any, upon Defendants in the same manner set forth above, sent no later than _____, 2025.

                  ENTER:

                  _____
                  J.S.C.