SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

LEGACY RESTORATION, LLC,

            Plaintiff,

- against -

OSWALDO "JUNIOR" BARAJAS, JOHN DOE ENTITY 1, LEAH RAFFLES, and BRIAN WOLFF.

            Defendants.

---

**COMMERCIAL DIVISION**
Index No. _____

Plaintiff designates New York County as the place of trial. The basis of venue is C.P.L.R. § 501.

**AFFIRMATION OF MICHAEL MCCOMAS**

## AFFIRMATION OF MICHAEL MCCOMAS

I, MICHAEL MCCOMAS, affirm under the penalty of perjury, pursuant to CPLR § 2106 that:

    1.    I am the Chief Operating Officer at Legacy Restoration, LLC ("Legacy").

    2.    I make this affirmation based on my personal knowledge of the facts described below and my review of the relevant business records created or maintained in the ordinary course of Legacy's business activities.

    3.    I submit this affirmation in support of Legacy's application by order to show cause for (1) a temporary restraining order, (2) a preliminary injunction, and (3) such other and further relief the Court deems just and proper.

**A.**    **The Purchase Agreement**

    4.    Oswaldo "Junior" Barajas founded SNR Global, LLC d/b/a Southern Roofing and Renovations and its affiliates ("Southern"), which is an exterior remodeling company. Southern has operations in several states, including in Arkansas, Florida, Georgia, Kentucky, Mississippi, Missouri, and Tennessee. On January 5, 2024, Legacy purchased Southern for over $50 million pursuant to the Contribution and Securities Purchase Agreement (the "Purchase

1

Agreement"), and Southern became part of Legacy's family of companies (the "Company"). A true and correct copy of excerpts of the Purchase Agreement is attached as **Exhibit A**. A true and correct copy of the Joinder that Barajas executed in connection with the Purchase Agreement is attached as **Exhibit B**.

5. Barajas was paid over $4 million in cash and received additional rollover equity as part of the sale. After the sale, he stayed on as a full-time employee of Southern Roofing and Renovations, LLC, as a member of Southern's senior management, and in January 2025 he was named Regional Sales Director. In his roles in senior management and as Regional Sales Director at Southern, Barajas had access to the Company's proprietary and trade secret information.

B.  **The Handbook**

6. A true and correct copy of Southern's handbook (the "Handbook"), which applies to all Southern employees, is attached as **Exhibit C**.

C.  **Legacy Discovers Barajas' Plan to Start a Competing Company**

7. In or around April 2025, an employee[1] reported to Southern that Barajas was soliciting (and engaging in a conspiracy with) then-current employees David Knight, Alex Skelton, and Leah Raffles to start a company that competed with Southern.

- The employee said that in March 2025, he overheard the conversation of Barajas and Alex Skelton at a bar. At the time, both were employed by Southern. The employee said that, during that conversation, Barajas and Skelton revealed that they, together with Leaf Raffles and David Knight,

---

[1] The employee has requested anonymity because he said he was previously threatened by Barajas. Attached as **Exhibit D** is a true and correct copy of the screenshot that the employee provided to the Company showing Barajas' call to the employee the same day that Barajas was terminated.

- planned to leave Southern and start their own company with Brian Wolff that would compete against Southern.

- The employee said that, in March 2025, Barajas told the employee that Barajas intended to keep his name off of any company formation documents for the competing company, such as the limited liability company agreement, in order to avoid detection.

- The employee said that, in March 2025, Barajas told the employee that Barajas instructed Raffles to begin drafting standard operating procedures, pay structures, and similar administrative documents for the new company. The employee also said that in or around March 2025, Raffles also admitted to the employee that she was creating documents for the new company.

- The employee supplied screenshots of text messages between himself, David Knight, and Alex Skelton. A true and correct copy of the screenshots of text messages provided by the employee are attached as **Exhibit E**. The employee said that the text messages show Barajas, Knight, and Skelton's plan to meet in Nashville, Tennessee to plan the competing company. The employee said that David Knight planned to expense his trip to Nashville to Southern.

- The employee also provided the picture attached as **Exhibit F** to the Company, which the employee said was posted on June 6, 2025 to Brian Wolff's Instagram account. The employee said that the picture shows Brian Wolff, David Knight, and Alex Skelton together at a country music concert in Nashville.

NYSCEF DOC. NO. 4
INDEX NO. 653837/2025
RECEIVED NYSCEF: 06/25/2025

Case 1:25-cv-05319-LJL    Document 2-3    Filed 06/26/25    Page 4 of 7

8. During his interview conducted by a representative from Southern, Barajas did not deny that he had started a competing company. As a result of his interview, Southern terminated Barajas's employment on April 10, 2025. Southern terminated the employment of David Knight and Alex Skelton on or about April 18, 2025.

**D.    Legacy Discovers More Evidence of Barajas' Breaches of the Purchase Agreement**

9. In June 2025, Legacy discovered evidence that Leah Raffles had downloaded numerous Southern documents, such as training videos and scripts and standard operating procedures, in late 2024 and early 2025. The download report (attached as **Exhibit G**) reflected that Raffles continued to download Southern files after business hours even after Barajas, Skelton, and Knight had been terminated, and that Raffles had downloaded over 20 files belonging to Southern since March 2025. These types of documents constitute proprietary and trade secret information of Southern. The information contained in many of these documents is not generally known, and would provide a competitive advantage to a competitor. Southern spent considerable time and resources developing this information, and took steps to protect it from disclosure, including through its policies reflected in the Handbook.

10. On June 9, 2025, Legacy discovered that David Knight had not yet returned his two company-issued computers, and that Mr. Knight was refusing to return them.

11. At her interview on June 12, 2025, Legacy imaged Raffles' company-issued computer. On her computer, Legacy discovered numerous text messages that showed that Barajas had solicited Raffles and was planning to secretly start a competing business.

**E.    Without an Injunction, the Company Will Suffer Irreparable Harm**

12. The harm to Legacy if Barajas and his new company are not enjoined would be irreparable.

13. Legacy has suffered and will continue to suffer irreparable harm that cannot be adequately compensated through monetary damages as a direct and proximate result of Barajas' and his company's conduct in violation of Barajas' ongoing obligations under the Purchase Agreement.

14. At this time, Legacy is unable to quantify damages caused by Barajas and the other Defendants. Such damages would include damage to the company's goodwill, theft of trade secrets, loss of customers, and solicitation of the company's trained salesforce and other personnel.

15. Legacy therefore seeks the relief sought in the Motion.

I affirm this day 24th day of June, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Michael McComas

## CERTIFICATION OF WORD COUNT

The undersigned hereby certifies that the foregoing Affirmation of Michael McComas contains 1119 words according to the word count of the word-processing software used in preparation thereof, excluding the caption and signature block. I further certify that the foregoing complies with Rule 17 of Section 202.70 of the Rules of the Commercial Division of the Supreme Court.

Dated: New York, New York
       June 25, 2025

                                    /s/ *Melissa Colón-Bosolet*
                                    Melissa Colón-Bosolet
                                    *Attorney for Plaintiff*