UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEGACY RESTORATION, LLC,<br><br>　　　　　　Plaintiff,<br><br> - against -<br><br>OSWALDO "JUNIOR" BARAJAS, JOHN DOE ENTITY 1, LEAH RAFFLES, and BRIAN WOLFF.<br><br>　　　　　　Defendants. | 25-cv-5319 (LJL)<br><br>**ORDER TO SHOW CAUSE FOR INJUNCTIVE RELIEF WITH <u>TEMPORARY RESTRAINING ORDER</u>** |

UPON reading and filing (1) the Complaint in this action; (2) Legacy Restoration, LLC's ("Legacy's") Memorandum of Law in Support of Its Order to Show Cause for Injunctive Relief and Temporary Restraining Order; (4) the Affirmation of Brad Hadamik in support of such Order to Show Cause, sworn to on June 24, 2025; (5) the Affirmation of Mike McComas in support of such Order to Show Cause, sworn to on June 24, 2025; and (6) the Affirmation of Melissa Colón-Bosolet, Esq., in support of such Order to Show Cause, and upon all the pleadings and proceedings had herein,

**IT IS THEREFORE ORDERED** that:

Defendants Oswaldo "Junior" Barajas , or his attorneys, be present and show cause before this Court, at the Courtroom of the Honorable Lewis J. Liman, located at 500 Pearl Street, Courtroom 15C, New York, on July 9, 2025 at 10:30 a.m., why this Court should not issue an Order preliminarily enjoining Barajas

1

and all persons in active concert or participation with him who receive actual notice of this Order, from:

  a. Directly or indirectly inducing or attempting to induce any employee, officer, director, or manager of Legacy or Southern Roofing and Renovations LLC and its affiliates ("Southern" and, collectively with Legacy, "the Company") to leave the employ of the Company, or in any way interfering with the relationship between the Company, on the one hand, and any employee, officer, manager or director of the Company, on the other hand;

  b. Directly or indirectly soliciting to hire or hiring any person who was an employee, officer, manager or director of the Company within the last twelve months;

  c. Directly or indirectly inducing any customer, supplier, or licensee of the Company to cease doing business with the Company, or in any way interfering with the relationship between the Company, on the one hand, and any such customer, supplier, or licensee, on the other hand;

  d. Diverting or attempting to divert from the Company any business with any customer, client, member, business partner or supplier;

  e. Using, disclosing, transferring, profiting from, communicating, copying, publishing, destroying, altering, deleting, or disposing in any manner any Company property or equipment or Company confidential, proprietary, or trade secret information;

  f. Acquiring or obtaining Company confidential information and/or Company property from improper or illegal sources, including, but not limited to, acquiring or obtaining, or

attempting to acquire or obtain, such information or property by contacting current or former employees, contractors, vendors, or customers of the Company;

g. Using the Company's confidential information received from any improper or illegal source to contact or solicit customers, clients, and/or to interfere with the Company's business relationships;

h. Using any documents, data, or information based upon, created using, or otherwise derived from the Company's property and/or confidential information;

i. Sharing any of the Company's confidential information with any of the Company's competitors or the public; and

j. Participating or engaging in, managing, operating, consulting with, rendering services for or representing or owning, directly or indirectly, alone or as a partner, joint venturer, member, equityholder, employee or otherwise, any entity that is engaged in the business of exterior residential and multi-family restoration (including but not limited to the repair or replacement of roofing, siding, gutters and windows), residential and multi-family renovations, interior and exterior residential and multi-family maintenance and related services, sales and lead generation activities in the United States.

Sufficient cause being alleged therefor, it is hereby

**ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that pending the hearing and determination of this motion, Barajas and all persons in active concert or participation with him who receive actual notice of this Order are enjoined from:

a. Directly or indirectly inducing or attempting to induce any employee, officer, director, or manager of Legacy or Southern to leave the employ of Legacy or Southern, or in any way interfering with the relationship between Legacy or Southern, on the one hand, and any employee, officer, manager or director of Legacy or Southern, on the other hand;

b. Directly or indirectly soliciting to hire or hiring any person who was an employee, officer, manager or director of Legacy or Southern within the last twelve months;

c. Directly or indirectly inducing any customer, supplier, or licensee of Legacy or Southern to cease doing business with Legacy or Southern, or in any way interfering with the relationship between Legacy or Southern, on the one hand, and any such customer, supplier, or licensee, on the other hand;

d. Diverting or attempting to divert from Legacy or Southern any business with any customer, client, member, business partner or supplier;

e. Using, disclosing, transferring, profiting from, communicating, copying, publishing, destroying, altering, deleting, or disposing in any manner any Legacy or Southern confidential, proprietary, or trade secret information;

f. Acquiring or obtaining Legacy or Southern confidential information and/or Legacy or Southern property from improper or illegal sources, including, but not limited to, acquiring or obtaining, or attempting to acquire or obtain, such information or property by contacting current or former employees, contractors, vendors, or customers of Legacy or Southern;

g. Using Legacy's or Southern's confidential information received from any improper or illegal source to contact or solicit customers, clients, and/or to interfere with Legacy's or Southern's business relationships;

h. Using any documents, data, or information based upon, created using, or otherwise derived from Legacy's or Southern's property and/or confidential information;

i. Sharing any of Legacy's or Southern's confidential information with any of Legacy's or Southern's competitors or the public; and

j. Participating or engaging in, managing, operating, consulting with, rendering services for or representing or owning, directly or indirectly, alone or as a partner, joint venturer, member, equityholder, employee or otherwise, any entity that is engaged in the business of exterior residential and multi-family restoration (including but not limited to the repair or replacement of roofing, siding, gutters and windows), residential and multi-family renovations, interior and exterior residential and multi-family maintenance and related services, sales and lead generation activities in the United States.

**IT IS FURTHER ORDERED**, that Defendants must:

a. Preserve and not destroy, alter, delete, or otherwise dispose of any documents or information that may be relevant to the claims and allegations in this matter, including but not limited to internet posts, texts, emails, and files on shared drives or cloud accounts;

**IT IS FURTHER ORDERED**, that, counsel for defendant having appeared, filing of this order on the docket shall constitute service by ECF,

**IT IS FURTHER ORDERED**, that Defendants shall submit opposing papers by July 3, 2025, and Legacy shall submit reply papers, if any, by July 7, 2025.

ENTER: _____
Hon. Lewis J. Liman, U.S.D.J.

6/26/2025
6:08 pm