

SIDLEY AUSTIN LLP  
787 SEVENTH AVENUE  
NEW YORK, NEW YORK  10019  
+1 212 839 5300  
+1 212 839 5599 FAX  

+1 212 839 5543  
MCOLON-BOSOLET@SIDLEY.COM

July 1, 2025

**By ECF**  
The Honorable Judge Lewis J. Liman  
United States District Judge  
Southern District of New York  
United States Courthouse  
500 Pearl Street  
New York, NY 10007-1312

  Re: *Legacy Restoration, LLC ("Legacy") v. Oswaldo "Junior" Barajas et al., Case No. 1:25-cv-05319*

Dear Judge Liman:

  We write on behalf of Legacy pursuant to the Court's Individual Rules of Practice in connection with Legacy's Amended Complaint, filed July 1, 2025. Legacy respectfully requests that the Court allow it to file under seal portions of the Contribution and Securities Purchase Agreement (the "Purchase Agreement"), filed with its Amended Complaint, which contains non-public personal identifying information of third parties who are unrelated to this action and commercially sensitive business information and financial information. Plaintiff has attempted to confer with Defendants in advance of filing, and Defendants did not respond.

  Pursuant to the Court's Local Rules, Legacy has attached to this letter motion the redacted version of the Purchase Agreement.

  Legacy previously provided relevant excerpts of the Purchase Agreement as Exhibit A to the McComas Affirmation, submitted in support of Legacy's request for a temporary restraining order. *See* ECF # 7. In anticipation of the preliminary injunction hearing scheduled for July 9th, and for the sake of having a complete factual record accompanying Plaintiff's Amended Complaint, Legacy would like to submit the entire document for the Court's review. Portions of the Purchase Agreement are confidential, however, and should not be disclosed publicly. These confidential segments fall into two categories: (1) personal identifying and financial information for individual third parties who are not parties to this matter and need not be associated in any way with the allegations asserted here, and (2) commercially sensitive information about the total purchase price, and other consideration exchanged, by Legacy to purchase Southern Roofing and Renovations, LLC ("Southern") in the transaction evidenced by the Purchase Agreement.

<u>**Argument**</u>

  Good cause exists for sealing the redacted portions of the Purchase Agreement. Legacy brings claims against Defendants for breach of non-competition, non-solicitation, and non-disclosure obligations. Legacy relies upon certain portions of the Purchase Agreement in support of its request for a preliminary injunction, and has already submitted those provisions publicly to the Court for its consideration. But

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

July 1, 2025
Page 2

portions of the Purchase Agreement are both irrelevant to this matter and contain sensitive information that would not be appropriate for public disclosure.

The proposed redactions to the Purchase Agreement meet the standard for protecting confidential information followed by courts in this Circuit. This Court has previously permitted sealing to protect the private information of third parties. *See SEC v Ripple Labs, Inc.*, 20 CIV. 10832 (AT), 2023 WL 3477552, at *6 (SDNY May 16, 2023) (agreeing "the privacy interests of non-parties[] would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private" and that "personal and financial information implicates privacy interests that overcome the presumption of public access"). And Courts consistently seal competitive business information, including non-public information concerning financial and business strategies. *See Adstra, LLC v. Kinesso, LLC*, No. 24-CV-2639 (LJL), 2025 WL 1002253, at *1 (S.D.N.Y. Mar. 31, 2025) (granting motion to seal in part after finding "for the vast majority of the documents . . . the presumption of public access is overcome by the countervailing interest in protection of confidential commercial information and trade secrets"); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential information in part); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal concerning redactions "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal citation omitted).

Here, Plaintiff seeks to seal the Purchase Agreement in part because it contains personal identifying information of third parties, as well as sensitive details about the remuneration those third parties received as part of the purchase of Southern and their ongoing equity holdings. These individuals are not named as parties in this suit and, to Legacy's knowledge, have not engaged in any impermissible conduct or acted in concert with the Defendants. Accordingly, there is no justification for disclosing their personal information publicly. Second, Legacy seeks to redact non-public commercially sensitive business information, the disclosure of which would cause competitive harm to Legacy. Specifically, Legacy seeks to redact proprietary commercial terms contained in the Purchase Agreement, such as the final purchase price and other consideration exchanged as part of the purchase of Southern. This information, if released, would very likely prejudice Legacy in future transactions, as it would reveal commercially sensitive and confidential information to the public, including competitors and prospective business partners.

Moreover, the privacy interests of the third parties named in the Purchase Agreement and of Legacy far outweigh any "presumption of access" the public may have to the Purchase Agreement. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) (acknowledging the court's need to balance the "'privacy interests of those resisting disclosure'" with "the weight of the presumption of access"); *Ripple Labs, Inc.*, 2023 WL 3477552, at *6. The heart of the underlying dispute lies in protecting Legacy's confidential and trade secret information relating to its business. Requiring the Purchase Agreement to be made public record would unnecessarily permit commercially sensitive business information to be shared. *See generally Adstra*, 2025 WL 1002253, at *1 (noting courts frequently determine "the right of access to the courts would be compromised if, as a condition of that access, a party was forced to disclose the very secrets that it was trying to protect").

# SIDLEY

July 1, 2025
Page 3

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court maintain under seal the aforementioned portions of the Purchase Agreement, consistent with the proposed sealing submitted herewith.

Sincerely,

*/s/ Melissa Colón-Bosolet*
Melissa Colón-Bosolet

*Counsel for Plaintiff*
*Legacy Restoration, LLC*

Enclosure

cc:   Counsel of Record