

SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TEXAS  75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969-3506
MARGARET.ALLEN@SIDLEY.COM

July 7, 2025

**Via ECF**

The Hon. Lewis Liman
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 15C
New York, NY 10007

      Re:    *Legacy Restoration, LLC ("Legacy") vs. Oswaldo "Junior" Barajas, et al.* - Case Number 1:25-CV-05319

Dear Judge Liman:

    We write on behalf of Legacy pursuant to the Court's Individual Rules of Practice in connection with Legacy's Reply Brief in Support of Its Motion for a Preliminary Injunction, filed July 7, 2025. Legacy respectfully requests that the Court allow it to file under seal several documents containing confidential information and trade secrets of Legacy, filed as Exhibits 3 through 60 to the Supplementary Declaration of Michael McComas (the "Confidential Documents").

    Good cause exists for sealing the Confidential Documents. Legacy brings claims against Defendants for breach of non-competition, non-solicitation, and non-disclosure obligations, as well as for misappropriation of Legacy's trade secrets. Courts consistently seal competitive business information, including non-public information concerning financial and business strategies. *See Adstra, LLC v. Kinesso, LLC*, No. 24-CV-2639 (LJL), 2025 WL 1002253, at *1 (S.D.N.Y. Mar. 31, 2025) (granting motion to seal in part after finding "for the vast majority of the documents . . . the presumption of public access is overcome by the countervailing interest in protection of confidential commercial information and trade secrets"); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential information in part); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal concerning redactions "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal citation omitted)).

    Moreover, the privacy interests of Legacy outweigh any "presumption of access" the public may have to the Confidential Documents. *See generally Lugosch v. Pyramid Co. of Onondaga*,

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

435 F.3d 110, 119–20 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) (acknowledging the court's need to balance the "'privacy interests of those resisting disclosure'" with "the weight of the presumption of access"); *SEC v. Ripple Labs, Inc.*, 20 CIV. 10832 (AT), 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023). The heart of the underlying dispute lies in protecting Legacy's confidential and trade secret information relating to its business. Requiring the Confidential Documents to be made public record would unnecessarily permit commercially sensitive business information to be shared and obliterate the relief sought by Legacy in this action. *See generally Adstra*, 2025 WL 1002253, at *1 (noting courts frequently determine "the right of access to the courts would be compromised if, as a condition of that access, a party was forced to disclose the very secrets that it was trying to protect").

      For the reasons set forth in detail in the McComas Declaration, the Confidential Documents are proprietary information of Legacy, and many of them contain Legacy trade secrets that would cause substantial and irreparable harm to Legacy if disclosed publicly. The very purpose of this suit is to protect this confidential information from unauthorized disclosure. Sealing the entirety of the Confidential Documents is the only way to ensure that the collective information contained therein—information detailing Legacy's singular approach to roofing and exterior remodeling, which puts it at a distinct competitive advantage in the industry—ensures that the same trade secrets Legacy is seeking to protect remain confidential.

      For the foregoing reasons, Legacy respectfully requests that the Court maintain under seal the Confidential Documents.

Respectfully submitted,

*/s/ Margaret H. Allen*
Melissa Colón-Bosolet
Margaret H. Allen
*Counsel for Legacy Restoration, LLC*

cc:    All counsel (via ECF)

4912-7152-6227v.4