# **EXHIBIT 72**



SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TX 75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214.969.3506
MARGARET.ALLEN@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

June 27, 2025

**By Email and Certified Mail R/R/R**

David Knight
380 Spradling Rd., #1
Mantachie, MS 38855
davidknight0525@gmail.com

  Re: **Cease & Desist, Notice of Temporary Restraining Order, and Demand to Preserve All Relevant Documents**

Mr. Knight:

  I write on behalf of Legacy Restoration, LLC ("Legacy") and SNR Global, LLC d/b/a Southern Roofing and Renovation ("Southern," and together with Legacy, the "Company") concerning evidence of your ongoing conspiracy with Oswaldo "Junior" Barajas, Alex Skelton, and Leah Raffles (collectively, the "Co-Conspirators") to steal the Company's confidential information and unlawfully solicit the Company's employees for the benefit of a competing roofing company (the "Competing Company") established by Mr. Barajas. This letter serves as a follow-up to the April 25, 2025, letter sent to you by Southern concerning your participation in the conspiracy to support the Competing Company by stealing from the Company.

  Legacy has filed a lawsuit captioned *Legacy Restoration, LLC v. Oswaldo "Junior" Barajas et al.*, Case No. 1:25-cv-05219, currently pending in the United States District Court for the Southern District of New York. You are hereby notified that, on June 26, 2025, the Honorable Lewis Liman, United States District Judge, entered a temporary restraining order (the "TRO"), attached at **Exhibit 1**, against Oswaldo Barajas ***and all persons acting in active concert or participation with him receiving this order***. The TRO specifically enjoins such persons from actions including, but not limited to, soliciting the Company's employees or customers, interfering with the Company's business relationships, and using or disclosing the Company's Confidential Information. As someone who has received actual notice of this TRO, you are required by law to fully comply with its terms and prohibitions.

  In addition, a former employee of the Company, you are bound by confidentiality obligations detailed in the Southern Employee Handbook (the "Handbook"), which you agreed to abide by in exchange for your employment with the Company. These obligations strictly prohibit you from disclosing, misusing, or otherwise improperly handling the Company's Confidential Information during the term of your employment *and subsequent thereto*. During the term of your employment with the Company, you were also bound by non-solicitation, no-conflict-of-interest, no-theft, and no-misuse-of-Company-IT obligations detailed in the Handbook, which you agreed to abide by in

4900-1704-2765v.2

# SIDLEY

David Knight
June 27, 2025
Page 2

exchange for your employment with the Company. The Company has evidence that, during the term of your employment, you collected cash payments from Company customers and failed to remit those payments to the Company. The Company understands that you remain in possession of multiple company-issued computers and are refusing to return them.

The Company has evidence that, during the term of your employment, you engaged in downloads of the Company's data and documents, including, but not limited to, the documents listed in **Exhibit 2**. Upon information and belief, the Company understands that you have engaged in the disclosure and misuse of the Company's Confidential Information with the intent to support the Competing Company or another competing enterprise. Upon information and belief, the Company has evidence that you have further participated in efforts to solicit or facilitate the solicitation of current Company employees to leave the Company and join the Competing Company. Soliciting and/or conspiring with others to solicit employees of the Company to join the Competing Company, to steal the Company's customer relations, or to steal the Company's property or confidential information is strictly prohibited and constitutes multiple serious breaches of your obligations to the Company.

Pursuant to the Employee Handbook, you agreed to reasonable and enforceable non-disclosure, non-solicitation, no-conflict-of-interest, and protection of trade secrets/confidential information policies, including, but not limited to, the following:

- you agreed not to disclose or use the Company's Confidential Information (as defined in the Handbook);

- you agreed to return all records, files, plans, documents, and other property of the Company, including, but not limited to, company-issued computers, on termination of your employment or *at the Company's request at any time*.

- you agreed not to solicit another employee for the support of any organization, including an enterprise competing with the Company, during the term of your employment;

- you agreed not to engage in theft of money or property from the Company, during the term of your employment;

- you agreed not to forward, copy, transfer, or upload emails or documents containing trade secrets or Confidential Information of the Company to any personal email, cloud-based storage or online storage accounts, during the term of your employment;

# SIDLEY

David Knight
June 27, 2025
Page 3

- you agreed not to use or allow another individual to use Company IT (as defined in the Handbook) for any purpose that is competitive with the Company, during the term of your employment;

- you agreed not to engage in any business or activities in competition with the Company (including the business of exterior restoration (including, but not limited to, the repair or replacement of roofing, siding, gutters, and windows) and related service, sales, and lead generation activities), during the term of your employment; and

- you agreed not to hold a financial or ownership interest in an entity that competes with the Company, during the term of your employment.

*See* Handbook pp. 29, 34, 37–38, 40–42.

**Accordingly, the Company demands that you make the following representations by 5:00 pm Central Time on Thursday, July 3, 2025:**

1. Please confirm that all property and Confidential Information of the Company was either destroyed or returned *before* you left the Company. If you are unable or unwilling to do so, provide a detailed explanation as to why you cannot or will not provide that certification.

2. You do not have any property or Confidential Information of the Company, including, but not limited to, the documents listed in **Exhibit 2**, in your possession, custody, or control, or in the possession, custody, or control of the Competing Company or any other enterprise that competes with the Company, and have not used or disclosed any such information for any purpose, including, but not limited to, the solicitation and targeting of the Company's customers.

3. You did not solicit, or attempt to solicit, any current or former Company employees to take, disclose, or misuse any property or Confidential Information of the Company, including, but not limited to, the Company's standard operating procedures, training materials, customer lists, pricing information, information technology, or other proprietary data.

4. You did not solicit, or attempt to solicit, any Company customers or encourage Company customers to do business with the Competing Company or any other enterprise that competes with the Company, *and did not encourage or help others to do so*.

4900-1704-2765v.2

# SIDLEY

David Knight
June 27, 2025
Page 4

5. You will promptly return to the Company the $9,692.00 in cash you stole from a customer for roofing services provided by the Company. *See* **Exhibit 3**.

6. You will promptly return to the Company the two company-issued computers currently in your possession, in good and working condition, ensuring that no data or documents stored therein are deleted, altered, or removed.

7. You did not misuse any Company resources, including, but not limited to, funds or travel expenses, nor did you improperly divert company funds for personal benefit or any non-company-related activities during the term of your employment with the Company.

8. You did not solicit, or attempt to solicit, any Company employees, or encourage Company employees to seek employment at the Competing Company or any other enterprise that competes with the Company during the term of your employment with the Company.

9. You did not have any involvement, direct or indirect, with the Competing Company or any other enterprise that competes with the Company during the term of your employment with the Company.

10. You did not hold a financial or ownership interest in the Competing Company or any other enterprise that competes with the Company during the term of your employment with the Company.

In addition to the above, by the deadline, please (1) provide copies of any agreements or offer letters with the Competing Company, any other enterprise you are involved with that competes with the Company, Brian Wolff, or Oswaldo "Junior" Barajas, including but not limited to any agreements to indemnify you for legal fees or liability related to your departure from the Company or continued obligations to the Company; and (2) confirm whether the Competing Company or any other enterprise that competes with the Company represents you individually, or, if you have separate legal representation, provide their name and contact information.

You also have the legal obligation to preserve, and not to destroy, any and all documents relevant to this dispute, including but not limited to text messages, call logs, and emails. You are specifically obligated to preserve – and not to delete or destroy – any and all communications (including texts) with Oswaldo "Junior" Barajas, Brian Wolff, Alex Skelton, and Leah Raffles. You are also specifically obligated to preserve the documents listed in **Exhibit 2** on any computers, email accounts, cloud-based storage accounts or online storage accounts in which the documents are currently stored.

# SIDLEY

David Knight
June 27, 2025
Page 5

      The Company takes its rights regarding these matters very seriously. We remind you that it is against the law to misappropriate trade secrets or to intentionally interfere with the Company's business relations. In addition, any unauthorized possession, use, or disclosure of the Company's Confidential Information may constitute violations of state and federal law and may entitle the Company to an award of equitable and substantial monetary relief. Please be advised that this letter is not intended to be a complete statement of the facts, and the Company's investigation of this situation remains ongoing.

      If you fail to comply with this demand or the TRO, the Company reserves any and all rights, including, but not limited to, damages, injunctive relief, and attorneys' fees and costs.

      Thank you in advance for your cooperation. If you have any questions or wish to discuss, please contact me at 214-969-3506.

Sincerely,

Margaret H. Allen
Partner

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEGACY RESTORATION, LLC,

    Plaintiff,

- against -

OSWALDO "JUNIOR" BARAJAS, JOHN DOE ENTITY 1, LEAH RAFFLES, and BRIAN WOLFF.

    Defendants.

25-cv-5319 (LJL)

**ORDER TO SHOW CAUSE FOR INJUNCTIVE RELIEF WITH TEMPORARY RESTRAINING ORDER**

---

UPON reading and filing (1) the Complaint in this action; (2) Legacy Restoration, LLC's ("Legacy's") Memorandum of Law in Support of Its Order to Show Cause for Injunctive Relief and Temporary Restraining Order; (4) the Affirmation of Brad Hadamik in support of such Order to Show Cause, sworn to on June 24, 2025; (5) the Affirmation of Mike McComas in support of such Order to Show Cause, sworn to on June 24, 2025; and (6) the Affirmation of Melissa Colón-Bosolet, Esq., in support of such Order to Show Cause, and upon all the pleadings and proceedings had herein,

**IT IS THEREFORE ORDERED** that:

Defendants Oswaldo "Junior" Barajas, or his attorneys, be present and show cause before this Court, at the Courtroom of the Honorable Lewis J. Liman, located at 500 Pearl Street, Courtroom 15C, New York, on July 9, 2025 at 10:30 a.m., why this Court should not issue an Order preliminarily enjoining Barajas

and all persons in active concert or participation with him who receive actual notice of this Order, from:

a. Directly or indirectly inducing or attempting to induce any employee, officer, director, or manager of Legacy or Southern Roofing and Renovations LLC and its affiliates ("Southern" and, collectively with Legacy, "the Company") to leave the employ of the Company, or in any way interfering with the relationship between the Company, on the one hand, and any employee, officer, manager or director of the Company, on the other hand;

b. Directly or indirectly soliciting to hire or hiring any person who was an employee, officer, manager or director of the Company within the last twelve months;

c. Directly or indirectly inducing any customer, supplier, or licensee of the Company to cease doing business with the Company, or in any way interfering with the relationship between the Company, on the one hand, and any such customer, supplier, or licensee, on the other hand;

d. Diverting or attempting to divert from the Company any business with any customer, client, member, business partner or supplier;

e. Using, disclosing, transferring, profiting from, communicating, copying, publishing, destroying, altering, deleting, or disposing in any manner any Company property or equipment or Company confidential, proprietary, or trade secret information;

f. Acquiring or obtaining Company confidential information and/or Company property from improper or illegal sources, including, but not limited to, acquiring or obtaining, or

2

attempting to acquire or obtain, such information or property by contacting current or former employees, contractors, vendors, or customers of the Company;

g. Using the Company's confidential information received from any improper or illegal source to contact or solicit customers, clients, and/or to interfere with the Company's business relationships;

h. Using any documents, data, or information based upon, created using, or otherwise derived from the Company's property and/or confidential information;

i. Sharing any of the Company's confidential information with any of the Company's competitors or the public; and

j. Participating or engaging in, managing, operating, consulting with, rendering services for or representing or owning, directly or indirectly, alone or as a partner, joint venturer, member, equityholder, employee or otherwise, any entity that is engaged in the business of exterior residential and multi-family restoration (including but not limited to the repair or replacement of roofing, siding, gutters and windows), residential and multi-family renovations, interior and exterior residential and multi-family maintenance and related services, sales and lead generation activities in the United States.

Sufficient cause being alleged therefor, it is hereby

**ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that pending the hearing and determination of this motion, Barajas and all persons in active concert or participation with him who receive actual notice of this Order are enjoined from:

3

a. Directly or indirectly inducing or attempting to induce any employee, officer, director, or manager of Legacy or Southern to leave the employ of Legacy or Southern, or in any way interfering with the relationship between Legacy or Southern, on the one hand, and any employee, officer, manager or director of Legacy or Southern, on the other hand;

b. Directly or indirectly soliciting to hire or hiring any person who was an employee, officer, manager or director of Legacy or Southern within the last twelve months;

c. Directly or indirectly inducing any customer, supplier, or licensee of Legacy or Southern to cease doing business with Legacy or Southern, or in any way interfering with the relationship between Legacy or Southern, on the one hand, and any such customer, supplier, or licensee, on the other hand;

d. Diverting or attempting to divert from Legacy or Southern any business with any customer, client, member, business partner or supplier;

e. Using, disclosing, transferring, profiting from, communicating, copying, publishing, destroying, altering, deleting, or disposing in any manner any Legacy or Southern confidential, proprietary, or trade secret information;

f. Acquiring or obtaining Legacy or Southern confidential information and/or Legacy or Southern property from improper or illegal sources, including, but not limited to, acquiring or obtaining, or attempting to acquire or obtain, such information or property by contacting current or former employees, contractors, vendors, or customers of Legacy or Southern;

4

g. Using Legacy's or Southern's confidential information received from any improper or illegal source to contact or solicit customers, clients, and/or to interfere with Legacy's or Southern's business relationships;

h. Using any documents, data, or information based upon, created using, or otherwise derived from Legacy's or Southern's property and/or confidential information;

i. Sharing any of Legacy's or Southern's confidential information with any of Legacy's or Southern's competitors or the public; and

j. Participating or engaging in, managing, operating, consulting with, rendering services for or representing or owning, directly or indirectly, alone or as a partner, joint venturer, member, equityholder, employee or otherwise, any entity that is engaged in the business of exterior residential and multi-family restoration (including but not limited to the repair or replacement of roofing, siding, gutters and windows), residential and multi-family renovations, interior and exterior residential and multi-family maintenance and related services, sales and lead generation activities in the United States.

**IT IS FURTHER ORDERED**, that Defendants must:

a. Preserve and not destroy, alter, delete, or otherwise dispose of any documents or information that may be relevant to the claims and allegations in this matter, including but not limited to internet posts, texts, emails, and files on shared drives or cloud accounts;

**IT IS FURTHER ORDERED**, that, counsel for defendant having appeared, filing of this order on the docket shall constitute service by ECF,

5

**IT IS FURTHER ORDERED**, that Defendants shall submit opposing papers by July 3, 2025, and Legacy shall submit reply papers, if any, by July 7, 2025.

ENTER:

_____
Hon. Lewis J. Liman, U.S.D.J.

6/26/2025
6:08 PM

6

# EXHIBIT 2

**David Knight Downloaded Files:**
- "Write up PIP SOP_7.10.24.pdf"
- "Interview Guide – Sales Southern.docx"
- "Who is the Service Representative.docx"
- "Southern – JobWorkflowSOP .docx"

# EXHIBIT 3

