UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEGACY RESTORATION, LLC,

                             Plaintiff,

     -against-

OSWALDO "JUNIOR" BARAJAS, USA
CONTRACTING CO, LLC, LEAH RAFFLES, and BRIAN
WOLFF,

                            Defendants.
------------------------------------------------------------------------X

**Case No.:** 1:25-cv-5319 (LJL) (OTW)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANS' MOTION TO DISQUALIFY MARGARET HOPE ALLEN, ESQ. AND SIDLEY AUSTIN, LLP

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

**KUSHMAKOV LAW, P.C.**
Eduard Kushmakov, Esq.
7150 Austin Street, Suite 205
Forest Hills, NY 11375
(646) 694-0248 (office)
eduard@kushmakovlaw.com

## **PRELIMINARY STATEMENT**

Plaintiff's counsel – Margaret Hope Allen, Esq. ("Allen") – and her law firm Sidley Austin, LLP ("Sidley"), must be disqualified from representing Plaintiff Legacy Restoration, LLC under the witness-advocate rule.[1]

Allen personally interviewed Defendant Leah Raffles ("Raffles") in preparation for this case and had an associate attorney from Sidley present virtually during the interview. Critically, neither Allen or Sidley had any representative of Plaintiff present for the interview.

Allen conspired with the Plaintiff to arrange the meeting under false pretenses. Raffles was not represented by Counsel during the meeting, nor was she given an opportunity to be. Allen distorted the statements made by Raffles during the interview to concoct the pleadings and papers in this case.

Moreover, Raffles believes that the interview may have been recorded by Allen and/or Sidney. As such, Allen and Sidley are first-hand witnesses of Raffles' interview and must be disqualified from representing Plaintiff under the witness-advocate rule.

Allen and Sidley's associate attorney are thus expected to testify about necessary matters in connection with the claims and defenses raised herein and also provide material and necessary discovery.

## **FACTS**

For the sake of brevity, the facts relevant to this motion are set forth in the Declaration of Leah Raffles ("Raffles Decl.") and are fully incorporated by reference herein.

---

[1] The witness-advocate rule is codified in § 3.7 of the New York Rules of Professional Conduct ("RPC").

## STANDARD OF REVIEW

Disqualification of an attorney is a matter which rests within the sound discretion of the court.  See Cheng v. GAF Corp., 631 F.2d 1052, 1055 (2d Cir. 1980), vacated on other grounds and remanded, 450 U.S. 903 (1981).   A federal court's power to disqualify an attorney derives from its "inherent power to 'preserve the integrity of the adversary process.'"  See Hempstead Video, Inc. v. Inc. Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005).  "[I]n the disqualification situation, any doubt is to be resolved in favor of disqualification.  See Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975).  Courts consider the New York RPC and the ABA Model Rules of Professional Responsibility for guidance on a motion for disqualification.  See Tufamerica, Inc. v. Codigo Music LLC, 2013 U.S. Dist. LEXIS 65777 (S.D.N.Y. May 7, 2013).[2]  Here, Allen and Sidley must be disqualified under the witness-advocate rule.  With a few exceptions, a "lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." See RPC 3.7(a). This rule is commonly referred to as the "advocate-witness" rule. See Decker v. Nagel Rice LLC, 716 F. Supp. 2d 228, 232 (S.D.N.Y. 2010).  "Courts have interpreted this rule to require disqualification where" the movant meets its "burden of showing the necessity of the testimony and the substantial likelihood of prejudice." See Capponi v. Murphy, 772 F. Supp. 2d 457, 471-72 (S.D.N.Y. 2009).  "[T]o succeed on a motion for disqualification in these circumstances, the movant must show 'specifically how and as to what issues in the case prejudice may occur and that the likelihood of prejudice occurring is substantial.'" Id. at 472 (quoting Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989)).

---

[2] Under Local Civil Rule 1.5(b)(5) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "[i]n interpreting the Code, in the absence of binding authority …, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York … courts, absent significant federal interests."

2

"'Prejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" See Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009) (quoting Lamborn, 873 F.2d at 531).

Rule 3.7(a) deals with the individual attorney, rather than a law firm, and provides that:

> [a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> (1) the testimony relates solely to an uncontested issue;
> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> (3) disqualification of the lawyer would work substantial hardship on the client;
> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> (5) the testimony is authorized by the tribunal.

## ARGUMENT

**ALLEN AND SIDLEY SHOULD BE DISQUALIFIED AS COUNSEL FOR DEFENDANTS UNDER THE WITNESS-ADVOCATE RULE**

RPC § 3.7(a) bars Allen from representing the co-Defendants in this case. The rule is based upon concerns that:

> (1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client.

See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 282-83 (2d Cir. 2004) (citation omitted).

3

Additionally, "when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined." Id. (citation, internal quotation marks, and alterations omitted). If the party moving for disqualification makes specific allegations that raise doubts about whether a conflict exists, such doubt should be resolved in favor of disqualification. See Felix v. Balkin, 49 F. Supp. 2d 260, 267 (S.D.N.Y. 1999).

While the witness-advocate rule distinguishes "between an attorney who will be called on behalf of his client and an attorney who will be called" by another party, see Giuffre v. Dershowitz, 410 F. Supp. 3d 564, 578 (S.D.N.Y. 2019), as set forth below, it is anticipated that both parties will call Allen and Sidley's associate attorney as a witness here.

Courts grant motions to disqualify where there is a substantial likelihood that an attorney's testimony will be necessary. See Giuffre v. Dershowitz, 410 F. Supp. 3d 564 (S.D. N.Y. 2019) (holding, under New York law, that advocate-witness rule required that law firm be disqualified from representing plaintiff in defamation action, where defamation claim was based in part on defendant's statement that plaintiff conspired with firm to extort him, plaintiff's complaint referred to conversations and communications between firm attorney and defendant in which defendant asserted that plaintiff was mistaken in her claim, and defendant announced his intention to take depositions of firm lawyers to help prove truth of his extortion assertion). Crucially, a disqualification motion that is brought prior to commencement of discovery eliminates the prejudice to the advocate-witness client. See Id. (citing Gorbaty v. Wells Fargo Bank, N.A., 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011) (following initial conference) and Gleason v. Zocco, 941 F. Supp. 32, 36 (S.D.N.Y. 1996) (granting motion to disqualify "immediately after the action was commenced" would make "prejudice... insignificant").

4

When considering the "necessity" prong of the disqualification inquiry, "a court should examine factors such as the significance of the matters, weight of the testimony, and availability of other evidence." See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d. 413, 421-22 (S.D.N.Y. 2015). "For purposes of considering a disqualification motion, the Court's inquiry does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony." Id.; see also Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) ("Disqualification may be required only when it is likely that the testimony to be given by [counsel] is necessary"). "[T]he key inquiry in connection with the motion to disqualify is the potential prejudice to the client ... arising from the involvement of the 'attorney-witness.'" See GBML LLC v. M2B Investors, Ltd., No. 22-CV-3138 (RPK), 2022 WL 3566549, at *2 (E.D.N.Y. Aug. 18, 2022).

Here, it is anticipated that Allen will be called by Plaintiff to testify at trial; even if not, she – and Sidley's associate attorney – will be subpoenaed to testify by Defendants during the evidentiary hearing, at a deposition and/or at trial. Allen will have to testify about the discrepancies between the allegations in the Complaint, Plaintiff's declarations in support, and Raffles' sworn testimony.

Allen will also be expected to testify about what she told Raffles about the purpose of the interview and the extent of any undue influence she may have exercised over Raffles. She will be cross-examined concerning her misrepresentations as to Raffles' statements at the interview held under false pretenses. Similarly, Sidley's associate attorney is expected to testify at trial, during the evidentiary hearing, and/or at a deposition. Notably, Sidley will have to produce copies of any recordings, including any and all transcripts, as well as all copies of all communications they had with Raffles.

5

Moreover, it also appears that Allen and Sidley's associate attorney are the only witnesses who can testify firsthand about what was said during the interview and their credibility will be at issue particularly because of the differing accounts between Raffles' declarations and those submitted by Plaintiff. This testimony is necessary and crucial to Defendants' defenses, especially because Defendants assert that they did not misappropriate any trade secrets. As a result, Allen and Sidley should be disqualified. See Research Foundation for State University of New York v. Telluric Labs, LLC, 2022 WL 16789970, at *4 (E.D.N.Y., 2022) ("[W]here an attorney is the 'sole representative for [a party] at numerous meetings and conversations negotiating the terms of [an agreement]' at issue in the litigation, disqualification is likewise warranted") (quoting Multi-Juice, S.A. v. Snapple Beverage Corp., No. 02-CV-4635, 2003 WL 1961636, at *7 (S.D.N.Y. 2003))).

The purpose of disqualification under the rule is not merely logistical, but is to ensure that the attorney can provide representation that is uncompromised by her involvement in the underlying facts of the case, preserving her objectivity and the integrity of the adversary process. See Rizzuto v. De Blasio, No. 17-CV-7381 (ILG) (ST), 2019 WL 1433067, at *8 (E.D.N.Y. Mar. 29, 2019) (citing First NBC Bank v. Murex, LLC, 259 F. Supp. 3d 38, 56 (S.D.N.Y. 2017)); see also Ardemasov v. Citibank, N.A., 14 F. Supp. 3d 39, 48 (D. Conn. 2014) ("An advocate who also ought to be called as a witness hurts his client because the advocate's ability to objectively assess his client's case may become clouded.") (citation and internal quotation marks omitted); Lemberg Law, LLC v. eGeneration Marketing, Inc., 2020 WL 2813177, at *26–27 (D.Conn., 2020) ("Sergei Lemberg is not an individual litigant in the case, but rather counsel for a legal entity, the law firm Lemberg Law LLC. By being called to testify about his personal knowledge of the facts, he might find it difficult to maintain his objectivity and professionalism on behalf of his client").

Here, the interview of Raffles is a critical event in this case.

After all, "[i]f a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness." See MacArthur v. Bank of New York, 524 F. Supp. 1205, 1208 (S.D.N.Y. 1981) (quoting "Ethical Consideration 5-9" ("EC 5-9") of American Bar Association Committee on Ethics and Professional Responsibility, Formal Opinion 339 (Jan. 31, 1975)). Moreover, "[a]n advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility." Id. (quoting EC 5-9). Thus, regardless of the fact that counsel's interests lie on the same side of the action as those of his client, "[t]he roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of [the party he represents], while that of a witness is to state facts objectively." Id. (quoting EC 5-9). Accordingly, because Allen's and Sidley's interests are aligned with the Plaintiff they represent, they must be disqualified.

Because Allen interviewed Raffles, prepared the papers in this case, and obtained statements from Raffles under false pretenses, it is reasonably likely that she observed other events and was privy to other discussions that she can testify about to either corroborate or discredit Plaintiff's and/or Defendants' testimony. This is particularly true because Allen is acutely aware of the circumstances of each and every download Raffles made in furtherance of her duties, interviewed Raffles alone in preparation of this lawsuit, and exerted undue influence over her. *See* Raffles Decl. ¶¶ 26-51. It follows, therefore, that there exists a substantial likelihood that Allen's testimony would likely be prejudicial to the Defendants and Plaintiffs.

Accordingly, Allen and Sidley must be disqualified under the witness-advocate rule.

7

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue an Order disqualifying Allen and Sidley from representing Plaintiff in this case, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Jamaica, New York
       July 15, 2025                   Respectfully submitted,

                              **SAGE LEGAL LLC**
By: /s/ Emanuel Kataev
    Emanuel Kataev, Esq.
    18211 Jamaica Avenue
    Jamaica, NY 11423-2327
    (718) 412-2421 (office)
    (917) 807-7819 (cellular)
    (718) 489-4155 (facsimile)
    emanuel@sagelegal.nyc

                              **KUSHMAKOV LAW, P.C.**
By: /s/ Eduard Kushmakov
    Eduard Kushmakov, Esq.
    7150 Austin Street, Suite 205
    Forest Hills, NY 11375
    (646) 694-0248 (office)
    eduard@kushmakovlaw.com

To: All parties via ECF