# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

July 15, 2025

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Lewis J. Liman, U.S.D.J.
500 Pearl Street, Courtroom 15C
New York, NY 10007-1312

    Re:     Legacy Restoration, LLC v. Barajas, *et al.*
              Case No.: 1:25-cv-5319 (LJL) (OTW)

Dear Judge Liman:

      This firm represents Defendants Oswaldo "Junior" Barajas ("Barajas"), Leah Raffles ("Raffles"), and Brian Wolff ("Wolff") (Barajas, Raffles, and Wolff collectively hereinafter the "Defendants") in the above-referenced case. Defendants respectfully submit this letter response in opposition to Plaintiff's letter motion to adjourn tomorrow's scheduled evidentiary hearing.

      Much like the papers in support of its motion for injunctive relief, Plaintiff's letter motion is bereft of any authority in support of its request. Plaintiff fails to establish good cause to adjourn the hearing scheduled for tomorrow in light of Defendants' motion to disqualify Margaret Hope Allen, Esq. ("Allen") and Sidley Austin LLP ("Sidley"). See Fed. R. Civ. P. 6(b)(1)(A). Although it would be inappropriate for Allen to cross-examine Raffles, Melissa Colón-Bosolet, Esq. may do so while the motion to disqualify is fully briefed. Thus, Defendants' motion to disqualify should have no bearing on the timing of the continued hearing.

      In any event, were the Court inclined to adjourn the hearing (which it should not), Defendants respectfully submit that Plaintiff has not established any basis to continue the temporary restraining Order ("TRO"). In order to extend a TRO, good cause is required. See Fed. R. Civ. P. 65(b)(2). Here, the only basis offered by Plaintiff to extend the TRO is Defendants' motion to disqualify its counsel. This is not a valid basis for an extension of the TRO.

      A TRO extended beyond the time limit permitted by Rule 65(b)(2) "is treated as [a] preliminary injunction." See Seijas v. Republic of Argentina, 352 F. App'x 519, 520–21 (2d Cir. 2009). "The burden is on the party seeking the restraint to show that it is justified." See Gardner-Alfred v. Fed. Rsrv. Bank of New York, No. 22-CV-1585, 2022 WL 748249, at *1 (S.D.N.Y. Mar. 11, 2022).

      As already established at the hearing, Plaintiff overreached in its agreement with Barajas, who was unsophisticated, did not have his own attorney review the agreement prior to its execution, was told the restrictive covenants were not going to be enforced against him, and was unable to negotiate any provision in the agreement because Plaintiff refused to do so even when Barajas raised concerns about the restrictive covenant.

    These facts demonstrate a complete lack of sophistication on Barajas' part, which militates against a finding that a temporal scope of greater than one (1) year is warranted in the context of the sale of Barajas' business, especially in light of the fact that Barajas was merely a minority shareholder of less than seven percent (7%), and was not remotely involved in the negotiations leading up to the sale. Bearing those facts in mind, there is no question that the restrictive covenants are unenforceable as a matter of law.

    Thus, this Court should not extend the TRO.

    Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
       July 15, 2025                        Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                        */s/ Emanuel Kataev, Esq.*
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        *Attorneys for Defendants*
                                        *Oswaldo "Junior" Barajas*
                                        *Leah Raffles, and*
                                        *Brian Wolff*

**VIA ECF**
 All counsel of record