UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------- X
                                  :
LEGACY RESTORATION, LLC,          :
                                  :
                 Plaintiff,       :
                                  :   Case No. 1:25-CV-05319
         v.                       :
OSWALDO "JUNIOR" BARAJAS,         :
USA CONTRACTING CO, LLC,          :
LEAH RAFFLES, AND BRIAN           :
WOLFF,                            :
                                  :
                 Defendants.      :
                                  :
                                  :
--------------------------------- X
```

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY MARGARET HOPE ALLEN, ESQ. AND SIDLEY AUSTIN, LLP

Plaintiff Legacy Restoration, LLC ("Legacy") files this opposition in response to Defendants' Motion to Disqualify Margaret Hope Allen, ESQ. and Sidley Austin, LLP (the "Motion").

### PRELIMINARY STATEMENT

On the eve of a hearing on a preliminary injunction, in what appears to be a tactical move, Defendants filed a motion seeking the disqualification of Sidley Austin, LLP ("Sidley") and its partner Margaret Allen from representing Plaintiff in this case. Defendants assert that Ms. Allen and Sidley are first-hand witnesses to an interview of Defendant Leah Raffles ("Raffles") "and must be disqualified from representing Plaintiff under the witness-advocate rule" as codified in New York Rules of Professional Conduct ("NYRPC") 3.7. Mot. at 1. Defendants have had *weeks* to seek disqualification of Ms. Allen and Sidley if they thought that was truly necessary. Instead, Defendants waited until the middle of preliminary injunction proceedings.

1

There is a high burden to disqualify an attorney, particularly under the witness-advocate rule. Defendants must prove that the attorney's testimony is necessary and that there is a substantial likelihood of prejudice to Legacy. Defendants do not meet this high burden. Defendants allege that Plaintiff will call Ms. Allen and an associate attorney from Sidley to testify, *id.* at 4, and that they will "testify about necessary matters in connection with the claims and defenses raised herein and also provide material and necessary discovery," *id.* at 1. Yet Plaintiffs do not intend to call any Sidley attorneys as witnesses, and Ms. Allen can only provide potential evidence on two facts that are not significant issues and that are not in dispute: (1) the date of the interview of Raffles (because Raffles deleted her web browser history the day before), and (2) the time and date Raffles was informed of this lawsuit (because Raffles factory reset her computer about two hours after). The pleadings and papers make no reference to any alleged statements by Raffles in any interview and therefore Ms. Allen's testimony about such matters is not necessary. Disqualifying Ms. Allen would not prevent prejudice to Plaintiff, but would actually achieve the opposite effect and prejudice Plaintiff.

Defendants tactical gamesmanship should not be rewarded.

## PROCEDURAL HISTORY AND RELEVANT BACKGROUND FACTS

Over two weeks ago, Plaintiff Legacy Restoration, LLC commenced this action on June 26, 2025, asserting claims against Defendants Oswaldo "Junior" Barajas, USA Contracting Co, LLC, Leah Raffles ("Raffles"), and Brian Wolff. The Court entered a Temporary Restraining Order ("TRO") against Barajas on the same day. On July 3, 2025, Defendants filed a response (which included a declaration filed by Raffles), and did not make any arguments about any alleged interview of Raffles.

On July 9, 2025, the Court extended the TRO through July 23, 2025, held the first part of the evidentiary hearing on Legacy's motion for preliminary injunction, and ordered that the hearing be continued on July 16, 2025 (the "Evidentiary Hearing"). Defendants filed the instant motion to disqualify Ms. Allen and Sidley early on July 15, 2025, less than thirty-six hours before the scheduled continuation of the Evidentiary Hearing.

The Motion primarily concerns an interview Ms. Allen conducted with Raffles on June 12, 2025. At the beginning of the interview, Ms. Allen expressly provided Raffles with an *Upjohn* warning, stating that Allen was legal counsel for Legacy exclusively, and did not represent Raffles individually. Contrary to Defendants' assertion, none of Raffles' statements from that interview have been cited in the Complaint nor relied upon in any of Legacy's submissions to the Court. The interview was not recorded, other than through the notes of the legal counsel from Sidley who were present, which constitute privileged work product.

The sole factual issues about which Ms. Allen possesses firsthand knowledge is the date and time Raffles was notified that Legacy intended to seek a TRO, as required by applicable procedural rules, and the date of the interview itself. These facts pertain exclusively to the <u>spoliation timeline</u> relevant to Raffles' spoliation of evidence and have never been disputed by Defendants, and that spoliation timeline is not in dispute. Ms. Allen's limited knowledge on these procedural points does not implicate any substantive allegations of misappropriation or wrongdoing by Raffles.

## **ARGUMENT**

### A. **LEGAL STANDARD**

Disqualification of an attorney is within the district court's discretion, which is derived from the court's "inherent power to preserve the integrity of the adversary process." *Vilella v. PUP*

3

*Culture LLC*, No. 23-CV-2291 (LJL), 2024 WL 1407059, at *1 (S.D.N.Y. Apr. 2, 2024) (Liman, J.) (internal citation omitted). In light of this discretion, "motions to disqualify counsel are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation." *Id.* (internal citation omitted). The purpose of disqualification is to prevent tainting of trial. *Id.*

The advocate-witness rule under NYPRC 3.7(a) provides that:

A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless: (1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship on the client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal.

Motions to disqualify under NYPRC 3.7 and the witness-advocate rule are subject to "fairly strict scrutiny" in the Second Circuit. *GBML LLC v. M2B Inv'rs, Ltd.*, No. 22-CV-3138 (RPK), 2022 WL 3566549, at *1 (E.D.N.Y. Aug. 18, 2022) ("Recognizing that Rule 3.7 'lends itself to opportunistic abuse[,]' Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009), the Second Circuit has held that motions to disqualify under the witness-advocate rule must be subject to 'fairly strict scrutiny.'" (cleaned up)); *see also Solow v. Conseco, Inc.*, No. 06 CIV 5988 BSJ THK, 2007 WL 1599151, at *5 (S.D.N.Y. June 4, 2007) ("[D]isqualification motions premised upon the advocate-witness rule are subjected to strict scrutiny because of the strong potential for abuse when a lawyer invokes the need to call opposing counsel as a witness and then acts to disqualify him as counsel."). Disqualification under NYRPC 3.7(a) requires that "the movant meets its 'burden of showing the necessity of the testimony and the substantial likelihood of prejudice.'" *Quality Door & Hardware, Inc. v. Stanley Sec. Sols., Inc.*, No. 19-CV-4574(JS)(AKT), 2020 WL 6582010, at *7 (E.D.N.Y. Nov. 10, 2020) (internal citation omitted).

Defendants, as the moving party, "bear[] the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial." *Id.* (internal citation omitted).

### B. THERE IS NO BASIS TO DISQUALIFY MS. ALLEN.

NYRPC 3.7(a) prohibits a lawyer from acting as an advocate "in a matter in which the lawyer is likely to be a witness of a ***significant issue*** of fact" subject to exceptions. NYRPC 3.7(a) (emphasis added). An attorney's testimony is on a "significant issue of fact" if the testimony is "necessary." *Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 374 (E.D.N.Y. 2010) (explaining that "significant issue" "has been "interpreted ... to require disqualification only when it is likely that the testimony to be given by the witness is necessary"). There are two prongs to the disqualification analysis under the witness-advocate rule: (1) the moving party must show that the advocate's testimony is necessary, and (2) that a substantial likelihood of prejudice against the witness-advocate's client exists. *See Quality Door & Hardware, Inc.*, 2020 WL 6582010, at *7. Defendants do not satisfy either prong.

### 1. Ms. Allen's Testimony Is Not Necessary.

Disqualification is "required only when it is likely that the testimony to be given by [counsel] is necessary." *GBML LLC*, 2022 WL 3566549, at *1. Courts examine "the significance of the matters, weight of the testimony, and availability of other evidence" and "whether trial of the case will in fact require his testimony" when considering "necessity" of testimony for disqualification. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 421–22 (S.D.N.Y. 2015). Defendants baselessly allege that Ms. Allen is a necessary witness because Plaintiff plans to call Ms. Allen and her associate attorney as witnesses, but that is not the case. Plaintiff has no intention of calling Ms. Allen or any Sidley attorney as a witness.

Furthermore, Ms. Allen's testimony is not necessary. Ms. Allen only has knowledge on two facts: the date of the interview and the date and time Plaintiff's notified Raffles of its intent to file a request for a TRO. These undisputed facts are only relevant to the timeline of spoliation. First, Ms. Allen's testimony that Raffles' was interviewed on June 12, 2025 is only relevant because Raffles deleted her web browser history the day before the interview. Second, Ms. Allen's testimony that Raffles was noticed of Plaintiff's intent to file a request for a temporary restraining order the morning of June 25, 2025 is only relevant because Raffles factory reset her work-issued computer two hours after receiving such notice. These two facts are relevant to the spoliation timeline, but they are not in dispute, and therefore it is not necessary for Ms. Allen to testify on such facts. In fact, under NYRPC 3.7(a)(1), Ms. Allen could serve as attorney and witness because her testimony "relates solely to an uncontested issue."

This case pertains to Defendants' stealing of confidential information and trade secrets in breach of non-competition, non-solicitation, and non-disclosure obligations. None of Raffles' statements from the interview are cited anywhere in the complaint or relied upon in any of Plaintiff's briefings. That is simply because Raffles' statements during the interview do not form the basis of Plaintiff's allegations. Defendants assert that Ms. Allen "will have to testify about the discrepancies between the allegations in the Complaint, Plaintiff's declarations in support, and Raffles' sworn testimony" and "about what she told Raffles about the purpose of the interview and the extent of any undue influence she may have exercised over Raffles." Mot. at 5. But any such testimony is not relevant to the Complaint or the allegations. Raffles' interview did not form the basis of the Complaint or any of the allegations found therein. Plaintiff does not intend (and Defendants should not be permitted[1]) to submit as evidence any discrepancy (or consistency)

---

[1] Moreover, if Defendants attempted to examine Ms. Allen or Ms. Raffles about the substance of the interview, Legacy would assert attorney-client privilege over any statements made by Raffles at the interview since she was a then-

6

between Raffles' statements at the interview and Raffles' testimony in this matter, because the Court can make any credibility determination about Raffles' testimony solely based on the other evidence. Likewise, Defendants maintain that "Allen and Sidley's associate attorney are the only witnesses who can testify firsthand about what was said during the interview." *Id.* at 6. Again, what Raffles stated during the interview is not at issue in this case. Her statements were not used in any of Plaintiff's pleadings or papers.

Ms. Allen cannot provide any testimony on Defendants' stealing of Plaintiff's confidential information or their breach of non-competition, non-solicitation, and non-disclosure obligations. And even if she could, her testimony would not be necessary because there are other witnesses who could testify on such matters. *See Solow*, 2007 WL 1599151, at *4 ("The rule requires that a lawyer's testimony be necessary, not simply that it be the best evidence, and to that end, courts deem a lawyer's testimony necessary only if there [are] no other witnesses to the circumstances at issue." (cleaned up)). Nonetheless, Ms. Allen only has knowledge of two facts that are not in dispute, and she therefore would not testify on a "significant issue of fact." Furthermore, Defendants do not explain at all why the testimony is necessary but rather conclude that "[t]his testimony is necessary." Mot. at 6. This one sentence conclusion absent any explanation or demonstration of the alleged necessity is insufficient.

Defendants thus fail to satisfy their high burden of establishing necessity.

*2. Ms. Allen's Representation Does Not Prejudice Plaintiff.*

Under the "prejudice" prong of the inquiry, "[t]estimony is deemed prejudicial where it is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client,

---

current employee. *See B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of New York, Inc.*, 168 F.R.D. 161, 165 (S.D.N.Y. 1996) (denying motion to compel disclosure of an interview transcript between plaintiff's counsel and plaintiff's former employee, explaining that interviews of a party's former employee are the "types of investigations . . . generally covered by the work product privilege").

7

such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." *John Wiley & Sons, Inc.*, 126 F. Supp. 3d at 423. Defendants have failed to identify any potential testimony that would satisfy this high burden and be prejudicial to Plaintiff's case. Defendants have not identified any conflicting statements that create potential for prejudice. *See Solow*, 2007 WL 1599151, at *9 (denying motion for disqualification where "[moving party] has not shown that there is any reason to believe, let alone a substantial likelihood, that [the attorney's] testimony will be adverse to its client, and therefore prejudicial").

Defendants only argue that Ms. Allen's testimony—which Defendants misconstrue because Ms. Allen has no relevant testimony outside of the two undisputed facts discussed above—is prejudicial because she "prepared the papers in this case, and obtained statements from Raffles under false pretenses, it is reasonably likely that she observed other events and was privy to other discussions that she can testify about to either corroborate or discredit Plaintiff's and/or Defendants' testimony." Mot. at 7. Such speculative prejudice is not enough to satisfy the high burden of establishing prejudice in a motion for disqualification. *Shabbir v. Pakistan Intern. Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) ("The more speculative the potential prejudice, the less likely a court will be to grant a motion to disqualify."). Even more, Defendants are plainly wrong about Ms. Allen's involvement in this case. Defendants assert that Ms. Allen's testimony is prejudicial because she is "is acutely aware of the circumstances of each and every download Raffles made in furtherance of her duties." Mot. at 7. But Legacy does not rely in this proceeding on any information gleaned from the interview of Raffles; rather, Legacy solely relies on the evidence submitted through declarations and testimony of its Chief Executive Officer, computer forensic expert, and Defendants, as well as other documents. Defendants are misconstruing the facts to create a false appearance of prejudice.

8

In fact, disqualifying Ms. Allen would result in the opposite of the intended effect. Ms. Allen's disqualification would prejudice Legacy. She is the lead attorney and has been involved in this case since its inception. Forcing Legacy to proceed without Ms. Allen, on the eve of the Evidentiary Hearing, would significantly prejudice Plaintiff.

Therefore, Defendants have failed to show the necessity of Ms. Allen's testimony and the substantial likelihood of prejudice to the client, and Ms. Allen should not be disqualified.

### C. THERE IS NO BASIS TO DISQUALIFY SIDLEY AS A FIRM.

The advocate-witness rule can only apply to Ms. Allen and not Sidley as a law firm. The very language of the rule itself applies only to "a lawyer." NYRPC 3.7(a). Even so, Defendants completely fail to address why Sidley as a firm should be disqualified. Defendants rely only on NYRPC 3.7(a), which governs disqualification of an individual attorney. But it is NYRPC 3.7(b) that imputes such disqualification to an attorney's law firm—which is never addressed by Defendants. "Disqualification by imputation under Rule 3.7(b) requires the movant to prove by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Quality Door & Hardware, Inc.*, 2020 WL 6582010, at *7 (internal citation omitted). Defendants fail to prove, and do not even attempt to prove, either prong of the inquiry. *See id.* ("The potential disqualification of an individual attorney for the reasons listed in Rule 3.7(a) is related to but distinct from the disqualification of a law firm by imputation under Rule 3.7(b)." (internal citation omitted)).

### D. ANY DISQUALIFICATION IS PREMATURE.

There is no basis to disqualify Ms. Allen or Sidley at this stage of the case. "Disqualification under subsection (a) [of Rule 3.7] applies only when the attorney-witness actually serves as trial counsel before the jury." *GBML LLC*, 2022 WL 3566549, at *2. In *GBML LLC*, the court explained that a motion to disqualify under Rule 3.7(a) is premature "[s]ince both

9

sides in the instant action anticipate filing dispositive motions, the case at bar may never reach the trial stage" and "even if the case proceeds beyond motion practice, it is not yet clear, at this early juncture in the case, that either [of the attorney's] will serve on the trial team, let alone as an advocate before the jury." *Id.* The court denied defendants' motion to disqualify partly because it was premature to determine if the advocate-witness rule applied. *Id.* That is completely analogous to the case at hand—there is no trial in front of a jury. At this juncture, it would be premature to disqualify attorneys under the advocate-witness rule. This is especially the case since none of the allegations that Raffles makes in her declaration dated July 15, 2025 are relevant to whether this Court preliminary enjoins Barajas and USA Contracting.

## CONCLUSION

Based on the foregoing, the Court should deny Defendants' Motion.

Dated: New York, New York  
       July 1, 2025

Respectfully submitted,

/s/ *Melissa Colón-Bosolet*

Melissa Colón-Bosolet  
mcolon-bosolet@sidley.com  
Sidley Austin LLP  
787 Seventh Avenue  
New York, NY 10019  
Phone: (212) 839-5300  
Fax: (212) 839-5599  
*Attorneys for Plaintiff*  
*Legacy Restoration, LLC*