UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LEGACY RESTORATION, LLC,

                    Plaintiff,

   -against-

OSWALDO "JUNIOR" BARAJAS, USA CONTRACTING
CO, LLC, LEAH RAFFLES, and BRIAN WOLFF,

                    Defendants.
----------------------------------------------------------------------X

Case No.: 1:25-cv-5319 (LJL) (OTW)

**ANSWER**

Defendants Oswaldo "Junior" Barajas, USA Contracting Co., LLC, Leah Raffles, and Brian Wolff ("Barajas", "USA", "Raffles" and "Wolff" respectively; "Defendants" collectively), by and through their attorneys, Emanuel Kataev, Esq. of Sage Legal LLC and Eduard Kushmakov, Esq. of Kushmakov Law, P.C., hereby submit this Answer to the First Amended Complaint (hereinafter the "Complaint") of Plaintiff Legacy Restoration, LLC (hereinafter "Plaintiff") as follows:

### AS TO "NATURE OF THE ACTION"

1. Defendants deny that Plaintiff is entitled to any relief as set forth in ¶ 1 of the Complaint.

2. Defendants deny the allegations contained in ¶ 2 of the Complaint.

### AS TO "THE PARTIES"

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 of the Complaint.

4. Defendants admit the allegations contained in ¶ 4 of the Complaint.

5. Defendants admit the allegations contained in ¶ 5 of the Complaint.

6. Defendants admit the allegations contained in ¶ 6 of the Complaint.

7. Defendants admit the allegations contained in ¶ 7 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

8. ¶ 8 of the Complaint states a legal conclusion to which no response is required. To the extent that ¶ 8 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

9. ¶ 9 of the Complaint states a legal conclusion to which no response is required. To the extent that ¶ 9 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

10. ¶ 10 of the Complaint states a legal conclusion to which no response is required. To the extent that ¶ 10 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

## AS TO "FACTUAL ALLEGATIONS"

11. Defendants admit the truth of the allegations contained in ¶ 11 of the Complaint solely as to Barajas, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny the allegations therein as to the remaining Defendants, and further deny that Plaintiff is entitled to any relief.

12. Defendants admit the truth of the allegations contained in ¶ 12 that Barajas received some payments in exchange for his equity in Southern (albeit not in full), and remained employed by non-party Southern Roofing and Renovations, LLC. However, Defendants deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled

to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

13. Defendants admit the truth of the allegations contained in ¶ 13 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

14. Defendants deny the allegations contained in ¶ 14 of the Complaint.

15. Defendants deny the allegations contained in ¶ 15 of the Complaint.

16. Defendants admit the Purchase Agreement contains an indemnity provision, but deny the remaining allegations in ¶ 16 of the Complaint and deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

17. Defendants admit the truth of the allegations contained in ¶ 17 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief.

18. Defendants deny the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the truth of the allegations contained ¶ 19 of the Complaint.

20. Defendants deny the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendants deny the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the Complaint.

24. Defendants deny the truth of the allegations contained in ¶ 24 of the Complaint.

25. Defendants deny the truth of the allegations contained in ¶ 25 of the Complaint.

26. Defendants admit the truth of the allegations contained in ¶ 26 of the Complaint solely to the extent that Barajas was terminated, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny the remaining allegations contained in ¶ 26 of the Complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Complaint and further deny that Barajas: (a) misappropriated "company information and property" and (b) is involved "in the conspiracy that is the subject of this complaint."

29. Defendants deny the truth of the allegations contained in ¶ 29 of the Complaint and further respectfully refer all documents referenced to the Court for interpretation of their true meaning.

30. Defendants admit the truth of the allegations contained in ¶ 30 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33. Defendants deny the truth of the allegations contained in ¶ 33 of the Complaint.

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants admit the truth of the allegations contained in ¶ 35 of the Complaint regarding the existence and content of the text messages, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief.

36. Defendants admit the truth of the allegations contained in ¶ 36 of the Complaint regarding Raffles' access to Southern files, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief.

37. Defendants admit the truth of the allegations contained in ¶ 37 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief.

**AS TO "COUNT ONE
<u>BREACH OF CONTRACT AGAINST OSWALDO BARAJAS – NON-COMPETITION</u>"**

38. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

39. Defendants admit the truth of the allegations contained in ¶ 39 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

40. Defendants admit the truth of the allegations contained in ¶ 40 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

41. Defendants admit the truth of the allegations contained in ¶ 41 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny

that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. ¶ 45 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 45 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

46. ¶ 46 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 46 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "COUNT TWO
## BREACH OF CONTRACT AGAINST OSWALDO BARAJAS – NON-SOLICITATION"

47. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

48. Defendants admit the truth of the allegations contained in ¶ 48 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

49. Defendants admit the truth of the allegations contained in ¶ 49 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

50. Defendants admit the truth of the allegations contained in ¶ 50 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief.

51. Defendants deny the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendants deny the truth of the allegations contained in ¶ 52 of the Complaint.

53. ¶ 53 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 53 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

54. ¶ 54 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 54 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

### AS TO "COUNT THREE BREACH OF CONTRACT AGAINST OSWALDO BARAJAS – NON-DISCLOSURE AND CONFIDENTIALITY"

55. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

56. Defendants admit the truth of the allegations contained in ¶ 56 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

57. Defendants admit the truth of the allegations contained in ¶ 57 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny

that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

58. Defendants admit the truth of the allegations contained in ¶ 58 of the Complaint, but deny that such facts support the legal conclusions Plaintiff draws therefrom, and further deny that Plaintiff is entitled to any relief. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

59. Defendants deny the truth of the allegations contained in ¶ 59 of the Complaint regarding Raffles' access to Southern files.

60. Defendants deny the truth of the allegations contained in ¶ 60 of the Complaint.

61. ¶ 61 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 61 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

62. ¶ 62 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 62 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

**AS TO "COUNT FOUR MISAPPROPRIATION OF TRADE SECRETS UNDER NEW YORK COMMON LAW AGAINST BARAJAS"**

63. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

64. ¶ 64 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 64 sets forth any allegations of fact to which a response is required, Defendants deny the truth of the allegations contained in ¶ 64 of the Complaint.

65. Defendants deny the truth of the allegations contained in ¶ 65 of the Complaint.

66. Defendants deny the truth of the allegations contained in ¶ 66 of the Complaint.

67. Defendants deny the truth of the allegation contained in ¶ 67 of the Complaint.

68. Defendants deny the truth of the allegations contained in ¶ 68 of the Complaint.

69. Defendants deny the truth of the allegations contained in ¶ 69 of the Complaint.

70. ¶ 70 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 70 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

### AS TO "COUNT FIVE MISAPPROPRIATION OF TRADE SECRETS UNDER THE TENNESSEE UNIFORM TRADE SECRETS ACT, TENN. CODE ANN. § 47-25-1701 *ET SEQ.*, AGAINST ALL DEFENDANTS"

71. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

72. Defendants deny the truth of the allegation contained in ¶ 72 of the Complaint.

73. Defendants deny the truth of the allegation contained in ¶ 73 of the Complaint.

74. Defendants deny the truth of the allegations contained in ¶ 74 of the Complaint.

75. Defendants deny the truth of the allegations contained in ¶ 75 of the Complaint.

76. Defendants deny the truth of the allegations contained in ¶ 76 of the Complaint.

77. Defendants deny the truth of the allegations contained in ¶ 77 of the Complaint..

78. ¶ 78 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 78 sets forth any allegations of fact to which a response is required, Defendants deny those allegations and further deny that Plaintiff is entitled to any relief.

## AS TO "COUNT SIX
## CIVIL CONSPIRACY AGAINST ALL DEFENDANTS"

79. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

80. Defendants deny the truth of the allegations contained in ¶ 80 of the Complaint.

81. ¶ 81 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 81 sets forth any allegations of fact to which a response is required, Defendants deny those allegations. All documents referenced are respectfully referred to the Court for interpretation of their true meaning.

82. Defendants deny the truth of the allegations contained in ¶ 82 of the Complaint.

83. Defendants deny the truth of the allegations contained in ¶ 83 of the Complaint..

84. Defendants deny the truth of the allegations contained in ¶ 84 of the Complaint..

85. Defendants deny the truth of the allegations contained in ¶ 85 of the Complaint..

## AS TO "COUNT SEVEN PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS"

86. Defendants repeat and reallege each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

87. Defendants deny the truth of the allegations contained in ¶ 87 of the Complaint.

88. Defendants deny the truth of the allegations contained in ¶ 88 of the Complaint.

89. Defendants deny the truth of the allegations contained in ¶ 89 of the Complaint.

90. Defendants deny the truth of the allegations contained in ¶ 90 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

91. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

94. Defendants have met and satisfied any and all obligations to Plaintiff and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

96. The allegations of the Complaint are insufficient to entitle Plaintiffs to an award of attorneys' fees.

### SEVENTH AFFIRMATIVE DEFENSE

97. The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendants of its claims.

## EIGHTH AFFIRMATIVE DEFENSE

98. Defendants deny that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

99. Any alleged oral representations are null and void by operation of a merger clause within any agreement signed by Plaintiff and Plaintiff's claims are therefore not actionable.

## TENTH AFFIRMATIVE DEFENSE

100. Plaintiff cannot recover from Defendants to the extent that any damages that he may have suffered, which the Defendants nonetheless deny, directly and/or proximately resulted from Plaintiff's acts and/or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not suffered any actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

102. Plaintiff's contract claims fail for lack of consideration.

## THIRTEENTH AFFIRMATIVE DEFENSE

103. At all times relevant, Defendants acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims fail to the extent that they are preempted by federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims are barred in whole or in part by the statute of frauds.

**SIXEENTH AFFIRMATIVE DEFENSE**

106.   Plaintiff cannot recover from Defendants to the extent that any damages that he may have suffered, which Defendants nonetheless deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Defendants had no control, and for whose conduct Defendants are not responsible, which bars or diminishes any recovery by Plaintiff against Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

108.   Defendants are entitled to set off from any recovery any amount owed by Plaintiff or otherwise recovered by Plaintiff for the same alleged injuries.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

109.   Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

**NINETEENTH AFFIRMATIVE DEFENSE**

110.   Defendants have at all times acted in good faith compliance with applicable law. The actions of Defendants, as alleged in the Plaintiff's complaint, were undertaken in good faith and justified by legitimate business purposes, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of law, which Defendants deny, were not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**TWENTIETH AFFIRMATIVE DEFENSE**

111.   Defendants reserve the right pending completion of discovery to assert any additional defenses that may exist.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

112. Defendants reserve the right to seek their reasonable attorneys' fees and costs in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Defendants.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

113. Plaintiff's claims for breach of contract are barred, in whole or in part, because the restrictive covenants contained in the Purchase Agreement and related agreements are overbroad, unreasonable in scope, duration, and/or geographic reach, and unenforceable under New York law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

114. Plaintiff's claims under federal and state trade secret law are barred, in whole or in part, because the information alleged does not qualify as a trade secret. The information is generally known to the public or within the industry, readily ascertainable by proper means, was not protected by Plaintiff, was disclosed by Plaintiff, and/or lacks independent economic value.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

115. Even if the information at issue constitutes trade secrets, to the extent there is any finding that Defendants used any such alleged trade secrets, they did not acquire, disclose, or use such information through improper means.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

116. To the extent Defendants accessed Plaintiff's information, such access was within the scope of their employment or otherwise expressly or impliedly authorized by Plaintiff.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

117. Plaintiff's claims are barred, in whole or in part, because they impermissibly restrict lawful competition and employee mobility, contrary to public policy.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims for damages are barred, in whole or in part, because the damages alleged are speculative, remote, or not capable of reasonable ascertainment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

119. Plaintiff is not entitled to injunctive relief because it cannot demonstrate that it has suffered or will suffer irreparable harm absent such relief.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

120. Plaintiff lacks standing to initiate and/or maintain this action.

### THIRTIETH AFFIRMATIVE DEFENSE

121. The blue pencil provision should not be enforced because the restrictive covenants are overly broad in temporal and geographic scope. To the extent that the blue pencil provision is enforced, this Court should reduce the temporal and geographic scope to no more than one (1) year and fifty (50) miles from any location Plaintiff conducts business.

### DEFENDANTS' DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all questions of fact raised in this case.

**WHEREFORE**, Defendants respectfully demand judgment dismissing the Complaint together with costs and disbursements of this case.

Dated:  Jamaica, New York
       September 15, 2025                      Respectfully submitted,

                                               **SAGE LEGAL LLC**

                                      By:  _/s/ Emanuel Kataev, Esq._
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                              **KUSHMAKOV LAW, P.C.**

                                      By:  _/s/ Eduard Kushmakov, Esq._
                                            Eduard Kushmakov, Esq.
                                          7150 Austin Street, Suite 205
                                          Forest Hills, NY 11375
                                          (646) 694-0248 (office)
                                          eduard@kushmakovlaw.com

**VIA ECF**
All counsel of record