

SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TEXAS  75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 969 3506
MARGARET.ALLEN@SIDLEY.COM


January 17, 2026

**Via E-Filing**

Hon. Lewis J. Liman
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: <u>*Legacy Restoration, LLC v. Oswaldo "Junior" Barajas et al.*, Case No. 25-cv-5319 – Joint Letter Motion for Stay of Discovery</u>

Dear Judge Liman:

  We represent Plaintiff Legacy Restoration, LLC ("Legacy") in the above-captioned matter and respectfully write to request a stay of discovery pending resolution of the Motion for Final Judgment and Permanent Injunction (the "Motion"). *See* Dkt. 61.

  Based on the Court's suggestion and assignment of the case to the Southern District of New York's Mediation Program, Legacy and Defendants Oswaldo Barajas, Brian Wolff, Leah Raffles, and USA Contracting Co, LLC (collectively, "Defendants" and, together with Legacy, the "Parties") engaged in extensive settlement discussions to reach an amicable and mutually agreeable resolution of this case. Those negotiations were fruitful, and the Parties have since executed a final release and settlement agreement. Pursuant to that agreement, Legacy recently filed the Motion, which is unopposed. That Motion remains pending, but several discovery deadlines are fast approaching. Accordingly, the Parties now jointly move for a stay of all discovery pending resolution of the Motion, whereupon the Parties are thereafter prepared to file a stipulation of voluntary dismissal.

  This Court "has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure" where good cause is shown. *Integrated Systems & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (citing *Rivera v. Heyman*, No. 96 Civ. 4489(PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Id.* (citing *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

# SIDLEY

Judge Liman
January 17, 2026
Page 2

The filing of a joint motion to terminate the case pursuant to an executed settlement agreement amply supports a finding of good cause to grant the motion to stay discovery. The Parties entered into the settlement agreement and filed the Motion in part to avoid the burden of conducting discovery in this case. Given that the case is still in its relative infancy, the Parties have not engaged in the lion's share of discovery thus far, meaning that there is still substantial discovery to be conducted. The breadth of discovery, therefore, is considerable and would be unnecessarily burdensome to the Parties, especially in light of the fact that the Parties have agreed to end the dispute.

Additionally, the Motion, which is unopposed, clearly demonstrates that the Parties together intend for the suit to be dismissed. A lack of opposition to a motion is arguably the clearest evidence of the "strength" of the Motion. *Integrated Systems*, 2009 WL 2777076, at *1. To the extent prejudice to either Party is a concern of this Court's, the fact that the Parties jointly agreed to terminate the case upon resolution of the Motion is further evidence that there will be no such prejudice to either Party; indeed, the only prejudice that could occur is requiring parties that have already agreed to dismiss the suit to engage in costly and time-consuming discovery when such discovery serves no purpose in light of the Parties having reached a settlement.

\*     \*     \*

For these reasons, the Parties respectfully request a stay of all discovery pending resolution of the Motion.

Sincerely,

/s/ Margaret H. Allen
Margaret H. Allen
*Attorney for Plaintiff Legacy Restoration, LLC*

/s/ Emanuel Kataev
Emanuel Kataev
*Attorney for Defendants Oswaldo Barajas, Brian Wolff, Leah Raffles, and USA Contracting Co, LLC*

CC:    All counsel of record (via ECF)